COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


RUDOLPH NATHANIEL WHITE
                                        OPINION
v.        Record No. 2427-95-1    BY JUDGE JOSEPH E. BAKER
                                     DECEMBER 17, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF YORK COUNTY
                 Samuel T. Powell, III, Judge

        Mary Pettitt St. Jean for appellant.

        Monica S. McElyea, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


     Rudolph Nathaniel White (appellant) appeals from his bench
trial conviction by the Circuit Court of York County (trial
court) for rape of a fourteen and one-half-year-old female
(complainant). Appellant admitted having sexual intercourse with
complainant at the time charged in the indictment but contended
that it was consensual. Because the trial court found that the
sexual act did not occur by force, the sole issue on appeal is
whether it occurred "through the use of [complainant's] mental
incapacity" in violation of Code § 18.2-61. For the reasons that
follow, we reverse.

        Code § 18.2-61 provides in relevant part:
                **Rape.**--A. If any person has sexual
            intercourse with a complaining witness who
            is not his or her spouse or causes a
            complaining witness, whether or not his or
            her spouse, to engage in sexual intercourse
            with any other person and such act is
            accomplished (i) against the complaining

witness's will, by force, threat or intimidation of or against the complaining witness or another person, or (ii) <u>through the use of the complaining witness's mental incapacity</u> or physical helplessness, or (iii) with a child under age thirteen as the victim, he or she shall be guilty of rape.

(Emphasis added.) The General Assembly has defined "mental incapacity" as follows:

"<u>Mental incapacity</u>" means that condition of the complaining witness existing at the time of an offense under this article which prevents the complaining witness from understanding the nature or consequences of the sexual act involved in such offense and about which the accused knew or should have known.

Code § 18.2-67.10(3). Thus, to sustain the conviction in this case, the Commonwealth was required to prove beyond a reasonable doubt: (1) that the complainant was mentally incapacitated at the time of the offense; (2) that her condition prevented the complainant from understanding the nature and consequences of the sexual act; and (3) that at the time of the offense appellant knew or should have known of complainant's condition.

Upon familiar principles, we view the evidence in the light most favorable to the Commonwealth. <u>Higginbotham v. Commonwealth</u>, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). However, it is not sufficient that the facts and circumstances proved be consistent with appellant's guilt; to sustain his conviction, they must be inconsistent with every reasonable hypothesis of his innocence. <u>McCall v. Commonwealth</u>, 192 Va. 422, 427, 65 S.E.2d 540, 542 (1951).

Complainant testified that before the alleged rape, she had never been to appellant's house nor had she ever talked to him. She said that on this occasion, in a soft voice, appellant invited her into his house, told her to sit on the bed, to "take them off," and to lie on the bed. She further said that he told her "it would not take long." In response to these requests by appellant, leaving her shirt on, complainant took off the lower part of her clothing, enabling appellant to place his "penis" into her "vagina," after which he cautioned her "not to tell." She further testified that she became pregnant but did not realize that fact until eight months later, and then only when she was told by her cousin. Complainant gave her age as fourteen and one-half years at the time the sexual act occurred and testified that she was in middle school. At trial, she said she was sixteen years old and had advanced to high school.[1]

When complainant returned home on the night of the alleged rape, she saw her mother and grandmother but told neither about her sexual encounter with appellant. Thereafter, on at least twelve occasions, she visited appellant's house and engaged in sexual intercourse with him. On another occasion, she went to appellant's house to obtain cigarettes for her uncle.

Although the trial judge observed complainant at trial two years after the sexual act occurred and listed his observation of

---

[1] There is no evidence that she ever failed to progress from one grade to the next higher grade.

complainant as a reason to support his finding that, at the time of the offense, complainant was "mentally incapacitated[]" as required by Code § 18.2-67.10(3), the trial judge's observations are not sufficient to prove beyond a reasonable doubt that appellant was guilty of rape.

The indictment charged that in July 1993 appellant raped complainant against her will "through the use of her mental incapacity." The Commonwealth was required to prove beyond a reasonable doubt that "at the time of the offense" complainant was mentally incapacitated as defined in Code § 18.2-67.10(3). The Commonwealth's evidence regarding complainant's mental status two years after the offense is not evidence of complainant's mental status "on or about July 1993."

A school psychologist testified that in October 1991, two years prior to the offense, complainant was attending elementary school. At that time, complainant was rated "at the upper end of the educable mentally retarded range." The psychologist attempted to state complainant's "achievement scores"; however, he was prevented from giving that evidence by the prosecutor who interrupted his testimony saying, "I think that's enough at this point." The Commonwealth did not thereafter present any evidence as to complainant's achievement scores either at the time of the psychologist's evaluation or at the time of the alleged offense. The record does show that in 1991 "relative to [complainant's] chronological peers she was slightly below average," but

"compared to other children her age [twelve when she was tested], her scores in communication, daily living skills and socialization domains were all well above the mentally retarded range, with a strength in socialization skills, achievement, overall adaptive behavior falling well within the low average range." The record further shows that during the two-year period after the act, complainant advanced with her peers from middle school to high school.

> The fact finder cannot infer from proof of general mental incapacity or retardation or an IQ range or mental age that a victim is prevented or unable to understand the nature and consequences of a sexual act, unless the evidence proves that the victim lacks the ability to comprehend or appreciate either the distinguishing characteristics or physical qualities of the sexual act or the future natural behavioral or societal results or effects which may flow from the sexual act. The Commonwealth has the burden to prove every element of the offense in order to prove guilt beyond a reasonable doubt.

Adkins v. Commonwealth, 20 Va. App. 332, 346, 457 S.E.2d 382, 389 (1995).

We hold that this record fails to show beyond a reasonable doubt that, at the time of the alleged rape, complainant suffered from a mental incapacity that prevented her "from understanding the nature or consequences of the sexual act involved in such offense and about which [appellant] knew or should have known." Code § 18.2-67.10(3).

Accordingly, for the reasons stated, we reverse the judgment of the trial court and dismiss appellant from further prosecution

thereon.

<u>Reversed and dismissed.</u>